UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           -v-<br><br>GLEN ROBINSON,<br><br>                    Defendant. | 17 Crim. 124 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

      The Court has received the attached pro se motion for compassionate release from

defendant Glen Robinson.  The Court appoints James Neuman, Esq. as CJA counsel for Mr.

Robinson for the limited purpose of writing a memorandum of law in support of Mr. Robinson's

motion for compassionate release.  That memorandum is due March 16.  The Government's

opposition is due March 23, 2021.  The Court does not invite a reply.

      SO ORDERED.

                                    _____
                                      PAUL A. ENGELMAYER
                                      United States District Judge

Dated: February 23, 2021
       New York, New York

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
for the
## SOUTHERN DISTRICT OF NEW YORK  (Foley Square)

| | |
|---|---|
| GLEN ROBINSON JR | ) |
| *Plaintiff/Petitioner* | ) |
| v. | ) |
| | ) Civil Action No. **1:17-cr-00124-PAE-1** |
| UNITED STATES of AMERICA | ) |
| *Defendant/Respondent* | ) |

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: *NorthPoint Training Center*
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name.  I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.*  If I am employed, my employer's name and address are: *None*

My gross pay or wages are:  $ *0* , and my take-home pay or wages are:  $ *0* per
(specify pay period)  *N/A* .

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

| | | |
|---|---|---|
| (a) Business, profession, or other self-employment | ☐ Yes | ☑ No |
| (b) Rent payments, interest, or dividends | ☐ Yes | ☑ No |
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ☑ No |
| (d) Disability, or worker's compensation payments | ☐ Yes | ☑ No |
| (e) Gifts, or inheritances | ☐ Yes | ☑ No |
| (f) Any other sources | ☑ Yes | ☐ No |

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

Petitioner is no longer financially able to pay the necessary cost of bringing this action. The family support that he once received, has become sporadic and he cannot now defray the cost of litigation concerning this action. Covid-19 has interferred with his family's aid and assistance to him while incarcerated.

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4.  Amount of money that I have in cash or in a checking or savings account:  $ _____0_____ .

5.  Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:  *None.*

6.  Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:  *None*

7.  Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:  *None*

8.  Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:  *None.*

*Declaration:*  I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date:  *11/19/2020*

_____
*Applicant's signature*

Glen  Robinson
_____
*Printed name*

*Needs a Pauper statement for FLSA(B) motion.*

RECEIVED

NOV 1 7 2020

Northpoint Training Center
Legal Library

I CERTIFY THIS TO BE
A TRUE COPY
Robinson #292253
NORTH POINT TRAINING CENTER
BY; Sara Dillard

Northpoint Training Center
Business Office

NOV 1 8 2020

Received

RECEIVED

NOV 1 9 2020

Northpoint Training Center
Legal Library

# COMMONWEALTH OF KENTUCKY
# DEPARTMENT OF CORRECTIONS

NTC

(Institution)

## CERTIFICATION OF FUNDS DEPOSITED IN
## PRISONER'S INSTITUTIONAL ACCOUNT

Inmate name: Glen                    Robinson

(First)          (Middle)          (Last)

Institutional I.D. Number 292253          Dorm# 1

I, Sara Dillard, of the          NTC

(Institution)

Inmate Accounts Office, do hereby certify that the sum of $ 2,173.01

has been deposited to this inmate's account during the preceding six months.

(5/2020 – 10/2020)

Sara Dillard

Signature of Authorized Officer

11/18/2020

Date

**KY DOC**
**REPORT NO. IBSR180 - 35**

**6 MONTH AVERAGE INCOME STATEMENT**

**FROM:** 05/2020 **TO:** 10/2020

**PAGE:**   1   of   2
**PROCESSED:** 11/18/2020  09:43
**REQUESTOR:**  Sara L Dillard

**DOC #:** 292253        **INMATE NAME:**  Robinson, Glen Curtis Jr        SSN: ▮▮▮▮▮▮

| | Deposit Detail | Total Deposit |
|---|---|---|
| **FOR MONTH:**  May, 2020 | | |
| **Deposit Type:** Deposit Money into Inmate Acct. | $50.00 | |
| State Pay Earned | $9.80 | |
| Deposit Money into Inmate Acct. | $100.00 | |
| Deposit Money into Inmate Acct. | $60.00 | |
| Deposit Money into Inmate Acct. | $50.00 | |
| Deposit Money into Inmate Acct. | $30.00 | |
| | | $299.80 |
| **FOR MONTH:**  June, 2020 | | |
| Deposit Money into Inmate Acct. | $25.00 | |
| Deposit Money into Inmate Acct. | $100.00 | |
| State Pay Earned | $6.79 | |
| Deposit Money into Inmate Acct. | $50.00 | |
| Deposit Money into Inmate Acct. | $25.00 | |
| Deposit Money into Inmate Acct. | $28.00 | |
| Deposit Money into Inmate Acct. | $75.00 | |
| Deposit Money into Inmate Acct. | $100.00 | |
| | | $409.79 |
| **FOR MONTH:**  July, 2020 | | |
| Deposit Money into Inmate Acct. | $50.00 | |
| Christmas/Summer/Other Bonus Money | $10.00 | |
| Deposit Money into Inmate Acct. | $200.00 | |
| State Pay Earned | $21.34 | |
| Deposit Money into Inmate Acct. | $60.00 | |
| Deposit Money into Inmate Acct. | $100.00 | |
| Deposit Money into Inmate Acct. | $50.00 | |
| | | $491.34 |
| **FOR MONTH:**  August, 2020 | | |
| **Deposit Type:** Deposit Money into Inmate Acct. | $60.00 | |
| State Pay Earned | $21.34 | |
| Deposit Money into Inmate Acct. | $60.00 | |
| Deposit Money into Inmate Acct. | $75.00 | |
| Deposit Money into Inmate Acct. | $60.00 | |
| | | $276.34 |
| **FOR MONTH:**  September, 2020 | | |
| **Deposit Type:** Deposit Money into Inmate Acct. | $50.00 | |
| Deposit Money into Inmate Acct. | $100.00 | |
| State Pay Earned | $20.37 | |
| Deposit Money into Inmate Acct. | $50.00 | |
| Deposit Money into Inmate Acct. | $100.00 | |
| Deposit Money into Inmate Acct. | $40.00 | |
| | | $360.37 |

**KY DOC**
**REPORT NO. IBSR180 - 35**

**6 MONTH AVERAGE INCOME STATEMENT**

**PAGE:** 2 of 2
**PROCESSED:** 11/18/2020 09:43
**REQUESTOR:** Sara L Dillard

**FROM:** 05/2020 **TO:** 10/2020

**DOC #:** 292253          **INMATE NAME:** Robinson, Glen Curtis Jr          SSN: ███████

| | | Deposit Detail | Total Deposit |
|---|---|---|---|
| **FOR MONTH:** October, 2020 | | | |
| **Deposit Type:** | Deposit Money into Inmate Acct. | $75.00 | |
| | Deposit Money into Inmate Acct. | $60.00 | |
| | Deposit Money into Inmate Acct. | $30.00 | |
| | State Pay Earned | $20.37 | |
| | Deposit Money into Inmate Acct. | $100.00 | |
| | Deposit Money into Inmate Acct. | $50.00 | |
| | | | $335.37 |

**TOTAL AMOUNT :** $2,173.01

**6 MONTH AVERAGE:** $362.17

UNITED STATES DISTRICT COURT
of the
SOUTHERN DISTRICT OF NEW YORK (Foley Square)

GLEN ROBINSON, Jr          ))
       Petitioner,         )
                  )  Criminal Action No.#:"1:17-cr-000124-
                  )  <u>PAE-1.</u>
       VS.                )
                  )
                  )
UNITED STATES OF AMERICA,   )
       Respondent,         )
                  )

**MOTION FOR RELIEF FROM JUDGMENT OR ORDER PURSUANT TO**
**Federal Rules of Civil Procedure 60.(b),(6) AND**
**The 8th & 14th AMENDMENTS TO THE United States Constitution**

<u>INTRODUCTION</u>

   Comes the petitioner, Glen Robinson, JR, <u>Pro-Se</u>, and moves this court to relieve him of the remainder of his sentence pursuant to Fedreal Rules of Civil Procedure 60(b), 60(d)(1), The Eighth and Fourteenth Amendments to the United States Constitution. In support of this petition, the Petitioner states the following:

<u>REASON FOR REQUESTED RELIEF</u>

1. Under Federal Civil Rule 60(b), the court has jurisdiction to enter an order relieving a party or its legal representative from a final judgment, order, or proceeding for any [....] other reason that justifies relief.

2. New York Appellate courts have interpreted this to reserve the right for the courts to moddify or vacate a judgment Where a significant change in circumstances shall have occured. See. Benjamine v. Malcolm, 528 F. Supp. 925, 928 (S.D.N.Y. 1981).

3. Due to incarceration, petitioner and the community at large are

at increased risk of contracting SARS-CoV2 (COVID-19) a novel virus, which poses a large risk to public health that may be alleviated, in part, by release of persons from confinement in part, by release of persons from confinement in close quarters.

4. As of March 31, 2020, there are over 800,000 confirmed cases of the virus and over 35,000 deaths worldwide, and there are presently over 400 confirmed cases in Kentucky. Current statistics will likely be worse as of the filing of this motion as those numbers are increasing on a daily basis.

5. The special vulnerability of prisons and jails to infectious disease, and particularly Covid-19, is readily apparent from the outbreak of the virus in China. Covid-19 suddenly "exploded" once it entered China's prison system. According to the World Health Organization (WHO), the virus was first detected in Wuhan China on December 31, 2019. As of February 25, in just the prison system, there were 555 confirmed infections in five prisons of Three provinces-Hubei, Shandong, and Zhejiang'

6. In the United States, as of March 31, 2020, the virus had entered the federal corrections system, resulting in at least one confirmed inmate death, as well as multiple state and local systems across the country including Florida, Texas, Michigan,Pennsylvania, New York and Washington State.[2] In Kentucky there have been at least four (4) Department of Corrections personnel who have tested positive for the virus, including one medical staff at Green River Correctional Complex, located in Kentucky , who had contact with

---

' See Alice Su & Emily Baumgaertner, They were already in China's prisons. Now the Coronavirus is there, too, L.A. Times, February 28, 2020, available at https://www. com/world-nation/story/2020-02-28/lawyers-activist-pastors-uighurs-families-of-detainees-in-china-fear-coronavirus-spread-outbreak-in-camps-and-prisons.

inmates.[3] This situation is only likely to worsen for the near future, both globally and in Kentucky.

7. Incarcerated persons are unable to take many of the precautions recommended and demanded for others, in order to protect themselves against contracting the disease. Prominent health professionals are calling for the release of inmates who cannot protect themselves from infection even as all other citizens are being ordered to take the precautions. As a result, public officials across the country are taking steps to release inmates from incarceration.[4]

8. Additionally, there is not, at present, an adequate mechanism for the virus, testing staff who are entering and leaving the jails every day, or testing new arrestees who will be entering the prison population. The Center for Disease Control's website currently states that: the onset and duration of viral shedding and period of infectiousness are not fully known.[5] This means neither petitioner nor any other corrections staff that may come in contact with him/her would know if they might be an asymptomatic carrier of COVID-19 until it is too late.

9. "A court considering an Eighth Amendment Challenge to conditions confinement must examine the totality of the circumstances. Even if no single condition of confinement would be unconstitutional in itself, 'exposure to the cumulative effect of prison conditions

---

[2] See Jessica L. Adler, If we want to stop covid-19, we can't forget the incarcerated, Wash. post, March 31, 2020, available at https://www.washingtonpost.com/outlook/2020/03/31/if-we-want-to-stop covid-19-we-can't-forget-incarcerated/; see also Timothy Williams, Benjamine Weiser & William K. Rashibaum, 'Jails are petri Dishes': Inmates Freed as the Virus Spreads Behind Bars, N.Y. Times, March 30, 2020, available at https://www.nytimes.com/2020/03/30/us/coronavirus-prisons-jails.html.

[3] See Steve Rogers, State Reports 93 cases, Two New Deaths; Death Projections Noted, WIVQ, April 1, 2020, available at https://www.wtvq.com/2020/04/01/state-reports-93-cases-two-new-deaths/.

[4] See William Weiser & Rashibaum, supra.

[5] See Healthcare Professionals: Frequently Asked Questions and Answers, Centers for Disease Control and Prevention, available at https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html.

may subject inmates to cruel and unusual punishment.'" Rhodes
v. Chapman, 452 U.S. 337, 362-63 (1981) (citation omitted).

10. "[Prison] [c]onditions must not involve the wanton and unnecessary
infliction of pain, nor they may be grossly disproportionate to
the severity of the crime warranting imprisonment." Rhodes, 452
U.S. at 347. The "deliberate indifference to serious medical
needs of prisoners constitutes the 'unnecessary and wanton
infliction of pain' proscribed by Eighth Amendment." Estelle v.
Gamble, 429 U.S. 97, 104 (1976) (citation omitted).

11. Federal Rules of Civil Procedure 60(b)(6) allows for courts to
alter, amend, or vacate a judgment for any reason the court
determines is a "significant change in circumstances." Benjamin
v. Malcolm, 528 F. Supp. 925, 928 (2nd Cir. S.D.N.Y. 1981). As
argued above, it would certainly be a manifest injustice to
subject an individual to potentially contracting such a dangerous
virus, which could lead to permanent serious medical issues or
even death.

12. Petitioner's continued incarceration under these circumstances
is a cruel and unusual punishment by the Eighth and Fourteenth
Amendments, because it places him --- at a much higher risk of
infection due to continued confinement. Additionally, during
the confinement period, Petitioner would not be able to avail
himself of the Health and Safety practices not only highly
recommended by medical professionals, but demanded by those in
positions of authority in our government, necessary to protect
himself from likely exposure to, and unnecessary spread of,
COVID-19.

13. Petitioner is a Non-violent offender and would not pose a risk to the state or his community if he were granted this relief in being able to save his life and limb. On May 17, 2017 in the United States District Court, Southern District of New York, Honorable Judge, Paul A. Engelmayer, entered his jusgment upon Petitioner (Glen Robinson), (Hereinafter Mr. Robinson), imposing a snetence of (30) Thirty Months for the following crime:

PRODUCES/TRAFFICS
IN COUNTERFEIT DEVICE
(ACCESS DEVICE FRAUD)
(1) **18:1029A.F**

and incarcerating him under the eminent threat of a pandemic will only create a substantial risk that Mr. Robinson may be subjected to contracting the Coronavirus through continued detention in unsafe conditions of confinement.

Mr. Robison is currently under the Juridiction of the State of Kentucky, for crimes inwhich he was convicted of that are unrelated to the cases before this Honorable Court. See Custody Time Credit Form. On or about Novemeber 20th, 2020, Mr. Robinson's sentece will be ended as he will be turned over to the care of the Federal United States Marshalls, for transport to federal custody on the above mentioned charges to serve his sentence.

During his incarceration at the Northpoint Training Center located at P.O. Box # 479, Burgin, Kentucky 40310, He has managed to apply himself in seeking rehabilitative programs that will help him to curb the flow of reoffending and returning to prison. The programs listed below, are as stated:

1) Substance Abuse Program
2) P.O.R.T.A.L.   New Directions Program
3) Life Without A Crutch Program

4) Inside Outside Dads Program
5) Supporting Others In Active Recovery Program
6) Moral Reconation Therapy Program
7) Soft Skills Boot Camp Program, and
8) Moral Reconation Therapy-Anger Management

See Certficates attached.

14.   Mr. Robinson's criminal history though voluminous, is not at
all reflective of the person that he truly is. Releasing Mr.
Robinson on some type of court ordered Home Incarceration Program,
Probation, or other form of conditional release, would not
unduly depreciate the criminal acts that he has committed. If
anything, It will aid in slowing the spread of this deadly virus
and allow for Robinson to practice the Social Distancing rules
laid out by the (CDC) Center for Disease and Control Procedures,
and the (WHO) World Health Organization.

15.   Though Mr. Robison does not currently complain of having any
symptoms of the Novel coronavirus, does not speak to the high
volume of cases that exist here in the state of Kentucky. Risking
transport to any correctional facility, would definately create
a curel and unusual punishment upon Mr. Robinson, because we
do not know if he is asymptomatic, or would contract the virus
through inmate to inmate, or Officer to inmate contact.

16.   Mr. Robinson has served (3) months & (13) days of his (30)
month term of imprisonment and has (24) months left to serve.
We would that this Honorable court would take into consideration
placing him in custody, would potentially cause Irreparable Harm
likely to cause death or spread of infections to other officials
or inmates within the New York Department of Corrections. In
Winter v. NRDC, Inc., 555 U.S. 7 (S. Ct. 2008) at 20., it states

that: "Petitioner must establish he is likely to suffer irreparable harm in the absence of relief." To satify this factor, petitioner must make a clear showing of irreparable harm and the required irreparable harm must be neither remote nor speculative, but actual and eminent." Scotts Co. v. United Indus. Corp., 315 F. 3d 264, 283 (4th Cir. 2002). Jails are alot smaller and less sanitized than other facilities and are overcrowded. placing Mr. Robinson at any hold-over while awaiting transportation to the Jurisdiciton of this court, makes the chances "greater" for him to contract the virus. United States v. Stephens, 15-CR-95, 2020 (S.D.N.Y. 2020).

17.   Mr. Robinson is a 32 year old African American Male, Who is (3) times more likely to contract the Coronavirus than any other race according to information delivered by the (CDC) and (WHO) organizations. With such minimal amount of time to serve under the imposition of his sentence handed down by this court, It would be counter-productive to continue to incarcerate him while being under extraordinary circumstances justifying relief.

18.   Mr. Robinson is willing to "Self-Quarantine" for the minimum (14) day period or longer, and comply with any court stipulated orders that this court may deem necessary in granting his motion to amend the final judgment in this case under Fed. R. Civ. Proc. 60(b)(6), The Eighth & Fourteenth Amendments to the United States Constitution.

19.   Finally, unlike while being housed at the Northpoint Training Center, If petitioner were to be released, he would be able to follow the proper guidelines and have control over his own social distancing in order to prevent contracting the virus and spreading it to others.

Petitioner would reside at #7306 Erskine Street. Richmond
Virginia 23228, with his father Glen Robinson Sr. If the court
would allow, petitioner would seek employment wherever he can
find such and maintaing civil order while doing so. Also, Mr.
Robinson understands that he will be subjected to isolation and
monitoring at the location by the Department of Corrrections
probation and parole during any potential period of probation.

20. The petitioner is only requesting suspension of his final
final sentence, conversion of his sentence to Home Incarceration,
or some other form of modification of their final sentence.
Petitioner is not requesting that his final judgment be vacted.

CONCLUSION

21. **WHEREFORE**, the petitioner request this Honorable Court to
grant his motion to suspend further execution of his sentence,
or in the alternative, allow Home Incarceration or probation,
or for any other relief that petitioner is entitled to as a
matter of law.

Respectfully Submitted

Glen Robinson 11/19/2020
Petitioner. Pro-Se

NOTICE AND CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing
mtoion was mailed via first-class postage prepaid to the: Clerk of
the UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK.
The Daniel Patrick MoyniHan United States Courthouse. U.S. Court-
House 500 Pearl Street. New York, NY 10007. AND Further on Hon.
Danielle Renee Sassoon, United States Attorney's Office, SDNY at

8.

One Saint Andrew's Plaza. New York, NY 10007, Designated Assistant
US Attorney.

Respectfully Submitted,
*Glen Robinson* 11/19/2020
Petitioner, Pro-Se

## VERIFICATION/DECLARATION

I, Glen Robinson Jr, hereby verify that I am the undersigned
whom is and has made the claims within this legal document, and
that all statements made are true and correct to the best of my
belief and knowledge. I further declare, that I am not now being
represented by an Attorney, and am acting in a Pro-Se, capacity
in tendering the instant pleadings presented to this court for
review.

Respectfully Submitted
*Glen Robinson*
Petitioner, Pro-Se

COMMONWEALTH OF KENTUCKY)
                        )
                        )SS.
                        )
COUNTY OF BOYLE         )

## NOTARY STATEMENT

Subscribed and sworn to before me by Glen Robinson
on this 14ᵗʰ day of November, 2020.

My Commission Expires:                    Notary Public Signature:

8/19/2023                                 State-At-Large

9.

UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF NEW YORK (Foley Square)

| | | |
|---|---|---|
| GLEN ROBINSON JR<br>Petitioner, | ) ) ) ) | |
| v. | ) ) ) | ORDER |
| UNITED STATES OF AMERICA<br>Respondent, | ) ) ) ) | Civil Action No. 1:17-CR-00124-PAE-1 |

The petitioner, Glen Robinson, Jr, having moved this court for leave to Amend his Final Judgment in the above styled case and after being sufficiently advised by motion and attachments in certifying the truth of the matter:

IT IS HEREBY ORDERED AND ADJUDGED that the Petitioner's motion to Amend Final Judgment is hereby Granted, and any other relief in accordance with the applicable law.

DATE:_____                    _____
                                          U.S. DIST. CT JUDGE

# UNTED STATES DISTRICT COURT
## for the
SOUTHERN DISTRICT OF NEW YORK (Foley Square)

GLEN ROBINSON JR      )
*Petitioner,*          )
                    )
      v.        )           Civil Action No. 1:17-cr-00124-PAE-1
                    )
                    )
UNITED STATES of AMERICA  )
*Respondent,*          )

     I am an inmate confined in an institution. Today , 11/19/2020 , I am depositing the ___ Motion 60(B)(6) in this case in the institution's internal mail system. First-class postage is being prepaid either by me or by the institution on my behalf.

     I declare under the penalty of perjury that the foregoing is true and correct (see 28 U.S.C. §1746; 18 U.S.C. §1621.

*Glen Robinson*
**AFFIANT**

11/19/2020
**DATE**

## APPENDIX

**1.** MEMORANDUM

2. (8) CERTIFICATES

3. COURT DOCKET 5 pages

4. DOCUMENT CUSTODY TIME CREDIT

**Query    Reports    Utilities    Help    Log Out**

CLOSED,ECF,PRIOR

## U.S. District Court
## Southern District of New York (Foley Square)
## CRIMINAL DOCKET FOR CASE #: 1:17-cr-00124-PAE-1

Case title: USA v. Robinson

Magistrate judge case number: 1:16-mj-06275-UA

Date Filed: 02/22/2017

Date Terminated: 05/17/2017

Assigned to: Judge Paul A. Engelmayer

**Defendant (1)**

**Glen Robinson**
*TERMINATED: 05/17/2017*

represented by **Todd D. Greenberg**
Addabbo & Greenberg
118-21 Queens Blvd. Suite 306
Forest Hills, NY 10005
(718) 268-0400
Fax: (718) 575-9869
Email: todd@queenslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

18:1029A.F PRODUCES/TRAFFICS
IN COUNTERFEIT DEVICE
(ACCESS DEVICE FRAUD)
(1)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Highest Offense Level (Terminated)**

None

**Disposition**

Imprisonment for a total term of Thirty
(30) Months. The defendant shall
receive credit for time served while in
Federal custody dating back to February
14, 2017. Supervised release for a term
of Three Years.

**Disposition**

| **Complaints** | | **Disposition** |
| --- | --- | --- |

18:1029A.F PRODUCES/TRAFFICS
IN COUNTERFEIT DEVICE,
18:1028A.F AGGRAVATED
IDENTITY THEFT

**Plaintiff**

**USA**                                represented by  **Danielle Renee Sassoon**
United States Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
(212)-637-2200
Email: Danielle.Sassoon@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 09/30/2016 | | SEALED ORAL ORDER as to Sealed Defendant 1. (Signed by Magistrate Judge Sarah Netburn on 9/30/2016)(dif) [1:16-mj-06275-UA] (Entered: 10/13/2016) |
| 09/30/2016 | 1 | COMPLAINT as to Glen Robinson (1). In Violation of 18 U.S.C. 1029 (b) (2), 1028A, and 2 (Signed by Magistrate Judge Sarah Netburn) (dif) [1:16-mj-06275-UA] (Entered: 10/13/2016) |
| 10/13/2016 | | Arrest of Glen Robinson. (dif) [1:16-mj-06275-UA] (Entered: 10/13/2016) |
| 10/13/2016 | 3 | NOTICE OF ATTORNEY APPEARANCE: Retained Attorney Todd D. Greenberg appearing for Glen Robinson. (dif) [1:16-mj-06275-UA] (Entered: 10/13/2016) |
| 10/13/2016 | | Attorney update in case as to Glen Robinson. Attorney Todd D. Greenberg for Glen Robinson added.. (dif) [1:16-mj-06275-UA] (Entered: 10/13/2016) |
| 10/13/2016 | 4 | Minute Entry for proceedings held before Magistrate Judge Barbara C. Moses: Initial Appearance as to Glen Robinson held on 10/13/2016., Deft Appears with Retained Attorney Todd D. Greenberg and AUSA Matthew Podolsky for the government. AGREED CONDITIONS OF RELEASE: $50,000 PRB; 3 FRP'S; Secured by $5,000 Cash; Travel Limited to SDNY/EDNY; Surrender Travel Documents (& No New Applications); Strict Pretrial Supervision; Deft to Continue or Seek Employment; Deft to Continue or Start Education Program; Deft to Be Released on Own Signature, Plus the Following Conditions; 3 FRP'S; Remaining Conditions to Be Met by 10/20/16; (1) Deft to (a) Seek Lawful and Verifiable Employment that does not Involve Access to Customer Credit/Debit Cards, or Other Financial Information or (b) to Apply to Enroll in |

|  |  | an Educational Program; (2) Deft Not to Apply for Any New Credit or Debit Cards, Loan, or Lines of Credit, (3) Deft Not to have Access to Financial Information of Other Individuals; ( Preliminary Hearing set for 11/14/2016 at 10:00 AM before Judge Unassigned.) (dif) [1:16-mj-06275-UA] (Entered: 10/13/2016) |
|---|---|---|
| 10/13/2016 | 5 | AGREEMENT TO FORFEIT PROPERTY (OTHER THAN REAL PROPERTY) by Glen Robinson. Personal Recognizance Bond in the amount of $ 50,000 PRB, E FRP'S; Secured by $5,000 Cash; Travel Limited to SDNY/EDNY; Surrender Travel Documents (& No New Applications); Strict Pretrial Supervision; Deft to Continue or Seek Employment; Deft to Continue or Start Education Program; Deft to Be Released on Own Signature, Plus the Following Conditions; 3 FRP'S; Remaining Conditions to Be Met by 10/20/16; (1) Deft to (a) Seek Lawful and Verifiable Employment that does not Involve Access to Customer Credit/Debit Cards or Other Financial Information or (b) to Apply to Enroll in Educational Program; (2) Deft Not to Apply for Any New Credit or Debit Cards, Loans, or Other Lines of Credit; (3) Deft Not to Have Access to Financial Information of Other Individuals (dif) [1:16-mj-06275-UA] (Entered: 10/13/2016) |
| 11/14/2016 | 6 | AFFIRMATION of Danielle Sassoon in Support by USA as to Glen Robinson, the government is requesting a continuance until 12/14/16. (jbo) [1:16-mj-06275-UA] (Entered: 11/17/2016) |
| 11/14/2016 | 7 | ORDER TO CONTINUE IN THE INTEREST OF JUSTICE as to Glen Robinson. Time excluded from 11/14/16 until 12/14/16. (Signed by Magistrate Judge Gabriel W. Gorenstein on 11/14/16)(jbo) [1:16-mj-06275-UA] (Entered: 11/17/2016) |
| 12/14/2016 | 9 | AFFIRMATION of Danielle Sassoon in Support by USA as to Glen Robinson, the government is requesting a continuance until 1/13/17. (jbo) [1:16-mj-06275-UA] (Entered: 12/21/2016) |
| 12/14/2016 |  | ORDER TO CONTINUE IN THE INTEREST OF JUSTICE as to Glen Robinson re: 7 Order to Continue - Interest of Justice. Time excluded from 12/14/16 until 1/13/17. Follows oral order of 12/14/16. PD. See affirmation of AUSA Sassoon. (Signed by Magistrate Judge James C. Francis on 12/14/16) (jbo) [1:16-mj-06275-UA] (Entered: 12/21/2016) |
| 12/15/2016 | 8 | ENDORSED LETTER as to Glen Robinson addressed to Magistrate Judge James C. Francis IV from Lisa Chan, PTS Officer dated 12/14/2016 re: USA v Glen Robinson, 16 Mag 6275. Ms. Chan respectfully request that the Court modify Mr. Robinson's bail conditions be revoked on the basis of the defendant arrest and detention on a new criminal charges unauthorized travel outside of the restricted area. Bail REVOKED; Warrant to be ISSUED. So Ordered. (Signed by Magistrate Judge James C. Francis on 12/15/2016)(dif) [1:16-mj-06275-UA] (Entered: 12/20/2016) |
| 01/11/2017 | 11 | NOTICE OF INTENT TO FILE an Information by U.S.A. as to Glen Robinson. (jm) (Entered: 02/24/2017) |

| 01/13/2017 | 10 | AFFIRMATION of Danielle Sassoon in Support by USA as to Glen Robinson, the government is requesting a continuance until 2/13/17. (jbo) [1:16-mj-06275-UA] (Entered: 01/18/2017) |
|---|---|---|
| 01/13/2017 | | ORDER TO CONTINUE IN THE INTEREST OF JUSTICE as to Glen Robinson re: 7 Order to Continue - Interest of Justice. Time excluded from 1/13/17 until 2/13/17. (Signed by Magistrate Judge Kevin Nathaniel Fox on 1/13/17)(jbo) [1:16-mj-06275-UA] (Entered: 01/18/2017) |
| 02/22/2017 | 12 | INFORMATION (Felony) filed as to Glen Robinson (1) count(s) 1. (jm) (Entered: 02/24/2017) |
| 02/22/2017 | 13 | WAIVER OF INDICTMENT by Glen Robinson. (jm) (Entered: 02/24/2017) |
| 02/22/2017 | | Case Designated ECF as to Glen Robinson. (jm) (Entered: 02/24/2017) |
| 02/23/2017 | | Minute Entry for proceedings held before Judge Paul A. Engelmayer:Arraignment as to Glen Robinson (1) Count 1 held on 2/23/2017., Plea entered by Glen Robinson (1) Count 1 Not Guilty. Defendant present (in custody) with attorney, Todd Greenberg. AUSA Danielle Greenberg present. Defendant sworn, waives indictment, pleads GUILTY to the Information. Court reporter present. See transcript. Plea entered by Glen Robinson (1) Guilty as to Count 1. Sentencing set for 5/3/2017 at 03:00 PM in Courtroom 1305, 40 Centre Street, New York, NY 10007 before Judge Paul A. Engelmayer. (ajs) (Entered: 02/24/2017) |
| 04/27/2017 | 16 | SENTENCING SUBMISSION by USA as to Glen Robinson. (Sassoon, Danielle) (Entered: 04/27/2017) |
| 05/01/2017 | 17 | FIRST LETTER by Glen Robinson addressed to Judge Paul A. Engelmayer from Todd D. Greenberg, Esq. dated May 1, 2017 re: Date of Sentence-Request for an Adjournment (Greenberg, Todd) (Entered: 05/01/2017) |
| 05/02/2017 | 18 | MEMO ENDORSEMENT as to Glen Robinson on re: 17 FIRST LETTER by Glen Robinson addressed to Judge Paul A. Engelmayer from Todd D. Greenberg, Esq. dated May 1, 2017 re: Date of Sentence-Request for an Adjournment. ENDORSEMENT: GRANTED. Sentencing is adjourned to May 16, 2017 at 2:30 p.m. The parties shall serve their sentencing submissions in accordance with this Court's Individual Rules and Practices in Criminal Cases. SO ORDERED. (Signed by Judge Paul A. Engelmayer on 5/2/2017)(bw) (Entered: 05/02/2017) |
| 05/10/2017 | 19 | SENTENCING SUBMISSION by Glen Robinson. (Attachments: # 1 Exhibit Letters from family members)(Greenberg, Todd) (Entered: 05/10/2017) |
| 05/16/2017 | 20 | Sentencing Letter by Glen Robinson addressed to Hon. Paul A. Engelmayer from family member dated May 16, 2017 re: Character Letter. (Greenberg, Todd) (Entered: 05/16/2017) |
| 05/16/2017 | | Minute Entry for proceedings held before Judge Paul A. Engelmayer:Sentencing held on 5/16/2017 for Glen Robinson (1) Count 1. Defendant present (in custody) with attorney, Todd Greenberg. AUSA Danielle |

| | | |
|---|---|---|
| | | Sassoon present. Court reporter present. See judgment. (ajs) (Entered: 05/16/2017) |
| 05/17/2017 | 21 | JUDGMENT IN A CRIMINAL CASE as to Glen Robinson (1), Count(s) 1, Imprisonment for a total term of Thirty (30) Months. The defendant shall receive credit for time served while in Federal custody dating back to February 14, 2017. Supervised release for a term of Three Years. The court makes the following recommendations to the Bureau of Prisons: The Court recommends that the defendant be designated to a facility as close to the New York City area as possible, preferably FCI Otisville or FCI Fort Dix. The Court also recommends that the defendant be considered for the Residential Drug Abuse Program (RDAP) program, if he is eligible. Special Assessment of $100 which is due immediately (Signed by Judge Paul A. Engelmayer on 5/17/17)(jw) (Entered: 05/17/2017) |
| 06/26/2017 | 22 | TRANSCRIPT of Proceedings as to Glen Robinson re: Sentence held on 5/16/17 before Judge Paul A. Engelmayer. Court Reporter/Transcriber: Steven Griffing, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/17/2017. Redacted Transcript Deadline set for 7/27/2017. Release of Transcript Restriction set for 9/25/2017. (McGuirk, Kelly) (Entered: 06/26/2017) |
| 06/26/2017 | 23 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Glen Robinson. Notice is hereby given that an official transcript of a Sentence proceeding held on 5/16/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 06/26/2017) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/15/2019 15:09:26 | | |
| PACER Login: | us5070 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:17-cr-00124-PAE |
| Billable Pages: | 4 | Cost: | 0.40 |
| Exempt flag: | Exempt | Exempt reason: | Always |

# COMMONWEALTH OF KENTUCKY
## DOCUMENTATION CUSTODY TIME CREDIT

Name: Glen Curtis Robinson, Jr

County: Jessamine

Date of Birth: 02/27/1988

Date Crime Committed: 11/17/2016

Indictment Number*: 16-CR-00368

Charge(s):

Criminal Possession Forged Instrument-2nd Degree-Identify [516.060 (5 Counts)]
Criminal Possession Forged Instrument-2nd Degree-Identify [516.060 (14 Counts)]
Possession Of A Forgery Device-Identify [516.090 (1 Counts)]
Theft Of Identity Of Another W/o Consent [514.160 (1 Counts)]
Trafficking In Financial Information [434.874 (1 Counts)]
Trafficking In Stolen Identities [514.170 (1 Counts)]
Persistent Felony Offender, 1st Degree [532.080(3) ]

| Arrest Date | Arrested By & Charge | Place Detained | Action Taken | Detention Ended | Number of Days | |
|---|---|---|---|---|---|---|
| 11/17/2016 | Nicholasville Police Dept. | Jess Co Det Ct | Feds took custody | 06/26/2017 | 222 | |

TOTAL DAYS: 222

Judge*: Hon. Hunter Daugherty

Judicial District*:
Jessamine County- 13th Circuit

Date Submitted to Court*:
05/08/2017

P&P Officer:
Marsee, Melinda

REMARKS:
On 01/23/2017, an executive order was faxed to the Jessamine Co Det Ct claiming responsibility of Robinson. He was picked up by federal officers on 01/31/2017 and transported back to New York, where he was listed as a fugitive.

**As of 05-08-2017, Robinson had not been incarcerated inside KY. At this time, there is no CTC to update.

06/27/2017, Robinson was back in KY and appeared in the Jessamine Circuit Court, he became a state inmate on this date. There are no other KY CTC for this indictment.

Update: After reviewing this case it was discovered that Robinson had never made bond between arrest and sentencing. Therefore, he was granted 155 days of additional custody credit.



Department of Corrections
NORTHPOINT TRAINING CENTER
P.O. Box 479
Burgin, KY 40310
859-239-7012 ext. 2040

# MEMORANDUM

**TO:**       All Concerned

**FROM:**    Beth Littlejohn, SAP Social Service Clinician

**DATE:**    March 13, 2019

**SUBJECT:**  **Glen Robinson #292253**

Each resident that participates in the NTC SAP Program is
assessed upon placement in the program.  The assessment is
based off of the DSM V criteria for Substance Use Disorder.
Mr. Robinson  was assessed and met the criteria to be
considered having a Substance Use Disorder at a Severe level.



# CERTIFICATE OF COMPLETION

AWARDED TO

## Glenn Robinson

For completion of the MRT™ Anger Management

Institution: NTC   DOC #: 292253

Sessions completed: 22

Awarded this 11th day of May, 2020

_____
Program Staff

_____
Warden or Deputy Warden

noa
Counseling, LLC

# Certification of Completion

## THIS CERTIFIES THAT

*GLEN ROBINSON DOC # 292253*

has completed the Softskills Boot Camp program at

Northpoint Training Center on January 29, 2020

Facilitator Signature

Facilitator 2 Signature

# CERTIFICATE OF COMPLETION

AWARDED TO

# Glen Robinson

For completion of MRT™ Moral Reconation Therapy

Institution: _____ NTC _____   DOC #: _ 292253 _

Sessions completed: __ 25 __

Awarded this __ 20 __ day of __ November, 2019 __



noa
Counseling, LLC

BNapierMA, LEBP
Program Staff

Warden or Deputy Warden



Certificate *of* Completion This Acknowledges That

# Glen Robinson # 292253



has successfully completed the requirements for the Supporting
Others in Active Recovery Program at the

## Northpoint Training Center Therapeutic Community

### October 15, 2019

*A Certified Kentucky Department of Corrections Program*

Program Administrator Nastassia Gay, M.Ed, LCADC

# Certificate of Completion

This certifies that

## Robinson, Glen #292253

has successfully completed the

**InsideOut Dad®**
Program

Conducted on

Northpoint Training Center

in

9/26/2019

**National Fatherhood Initiative®**

*Christopher A. Brown*
President
NATIONAL FATHERHOOD INITIATIVE®

InsideOut DAD
Third Edition

Facilitator's Name/Signature

Deputy Warden of Programs Signature

NORTHPOINT TRAINING CENTER

# CERTIFICATE OF COMPLETION

*Presented to*

*Glen Robinson 292253*

*For Successful Completion of*

*The Life Without a Crutch Program*

*On this 16th day of August 2019*

Pre-Treatment Coordinator

# Certification of Completion

## THIS CERTIFIES THAT

*GLEN ROBINSON DOC # 292253*

has completed the P.O.R.T.A.L. New Directions program at

Northpoint Training Center on June 20, 2019



Facilitator Signature

Facilitator 2 Signature

# CERTIFICATE OF COMPLETION

THIS CERTIFIES THAT

## Glenn Robinson #292253

has successfully completed the requirements for the Substance Abuse Program at the

**Northpoint Training Center Therapeutic Community**

**March 19, 2019**

*A Certified Kentucky Department of Corrections Program*



Program Administrator-Nastassia Frey M.Ed.I.CADC

License #810447

Glen Robinson #292253 D-1
Northpoint Training Center
Post Office Box 479
Burgin, Ky 40310-0479

Clerk
United States District Court
Southern District of New York
The Daniel Patrick Moynihan U.S. Courthouse
U.S. Courthouse-500 Pearl Street
New York, NY 10007

"CONFIDENTIAL LEGAL MAIL ONLY"

Northpoint Training Center



SDNY PRO SE OFFICE
2020 NOV 30 AM 10: 18



NOV 20 2020

40310