# JAMES E. NEUMAN, P.C.

Attorney at Law
100 Lafayette Street – Suite 501
New York, New York 10013

TEL 212-966-5612
FAX 646-651-4559
www.jamesneuman.com
james@jamesneuman.com

March 4, 2021

<u>BY ECF</u>
Hon. Paul Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *United States v Robinson*, 17 Cr. 124 (PAE)

Your Honor:

I am writing to update this Court with certain facts pertaining to the pending *pro se* compassionate release motion, and request that such motion be held in abeyance and extend the briefing schedule sixty days in view of those facts.

By way of background, on February 23, 2021, this Court appointed me for the limited purpose of writing a memorandum of law in support of Glen Robinson's *pro se* motion for compassionate release. This Court also directed that such a memorandum by filed by March 16, 2021, and that the government file any opposing papers by March 23, 2021.

At the time that Mr. Robinson mailed his application to this Court, he was serving a state sentence and residing at a Kentucky prison in November, 2020. After being appointed, I learned that Mr. Robinson had been transferred to the Oldham County Detention Center, which is a federal facility. I then spoke with a member of the United States Marshal's office in Kentucky and was informed that inmates are typically held at the Oldham County Detention Center temporarily and that Mr. Robinson likely would be transferred to a federal prison within a couple of weeks.

In addition, I arranged for a video meeting with Mr. Robinson. Among other things, I explained that 18 U.S.C. § 3582(c)(1)(A)(I) required inmates to exhaust administrative remedies by first filing a request for compassionate release to the Bureau of Prisons. Considering that he had not yet had an opportunity to file such a request, but would presumably be able to do so upon his arrival at a federal prison, I suggested to him that the best course would be to ask this Court to hold

the pending motion in abeyance long enough for him to exhaust his administrative remedies. Mr. Robinson agreed with my suggestion.

For these reasons, we ask that this Court hold Mr. Robinson's motion in abeyance and extend the current briefing deadlines for sixty days. Based upon the representations I received from the United States Marshal's office, such amount of time should be sufficient for Mr. Robinson to ask for compassionate release administratively. Should that request be granted, his motion will be rendered moot. And if that request is denied, his motion can readily be supplemented to update the Court with the pertinent information. Without holding his motion in abeyance, however, Mr. Robinson may well need to waste resources, and time, by filing an additional motion for compassionate release.

Today, I discussed this matter with AUSA Sarah Kushner. She indicated that the government consents to this application.

Respectfully submitted,

/s/
James E. Neuman

Granted. SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge
3/5/2021